USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 0 4 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ricardo Cruz,

    Plaintiff,

—v—

New York State Department of Corrections and Community Supervision,

    Defendant.

---

No. 13 Civ. 1335 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

  Plaintiff Ricardo Cruz brings this Title VII sex discrimination action against Defendant New York State Department of Corrections and Community Supervision ("DOCCS"), his former employer. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Court DENIES the motion to dismiss in part, and GRANTS the motion to dismiss in part.

**I. Background**

  **A. Facts**

  For purposes of this motion, the Court assumes the truth of the following allegations of the Second Amended Complaint ("2AC" or "Complaint") and grants all reasonable inferences in Plaintiff's favor. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

  Until August 8, 2012, Plaintiff was employed by DOCCS and supervised there by Joni Johnson. 2AC ¶¶ 3, 8. Plaintiff alleges that on an almost daily basis from May 2008 and July 2011, Johnson directed sexually tinged comments at him while making seductive facial expressions. ¶ 9. The pervasive comments she allegedly made to him include the following: "[y]ou are the only man here, we didn't have a man here in a long time," "you are a good man," "your wife is lucky," "[you have] straight white teeth," and "[your] back ha[s] a V-shape." ¶¶ 8–

11. However, he did not accept her sexual advances, remaining austere and non-responsive. ¶ 13.

Plaintiff alleges that Johnson became angry and agitated at his non-responsiveness, denying his vacation time and leave requests, ¶ 13, and sabotaging his career advancement in the Department by not informing him of a training opportunity for which he had been approved, preventing him from advancing to an instructor position. ¶¶ 17–18. Plaintiff formally complained about the comments in June and July 2011, but they continued until at least February 2012. ¶¶ 17, 25. Johnson's actions forced him to seek the intervention of other supervisors to obtain time off and vacation when he preferred. ¶¶ 13–16. Johnson also informed Plaintiff's coworkers that he had made a complaint against her, told them that they should avoid Plaintiff, and told them not to speak to Plaintiff when unnecessary. ¶ 25.

As a result, Plaintiff alleges he was isolated, deprived of the collegiality of his coworkers, and became depressed and less productive, eventually taking a sudden leave of absence. ¶ 25. By June 25, 2012, Plaintiff had been diagnosed with adjustment disorder, anxiety, and depression, and entered professional mental health treatment which he continues to the present. ¶ 26. Finally, because of Johnson's actions, Plaintiff left DOCCS in August 2012 for a position with the New York State Liquor Authority, despite the fact that his new job had lower pay and fewer opportunities. ¶¶ 1, 3, 26–27.

  **B.**  **Procedural History**

Plaintiff complained to the Equal Employment Opportunity Commission, which issued a "right to sue" letter on February 2, 2013. ¶ 2. Plaintiff then timely filed suit on February 27, 2013, and filed an amended complaint on March 4, 2013. Dkt. Nos. 1–2. Defendant DOCCS filed a motion to dismiss on October 21, 2013. Dkt. No. 12. On November 5, 2013, the Court dismissed all claims against former defendant Joni Johnson for failure to effect service. Dkt. No. 17. Plaintiff then filed the 2AC on November 16, 2013. Dkt. No. 18. Because that filing was erroneously submitted through the electronic case filing system, Plaintiff later re-filed it. Dkt.

2

No. 27. The Defendant filed a motion to dismiss the 2AC on December 16, 2013. Dkt. No. 21. The motion is now fully briefed.

## II.  Discussion

Plaintiff Cruz alleges that Defendant DOCCS violated Title VII by allowing his supervisor to sexually harass him and retaliate against him for complaining about the harassment. 2AC ¶ 32. Defendant moves to dismiss, arguing that the complaint fails to state a claim for sex discrimination or retaliation. Def.'s Mem. 6–17. Plaintiff opposes, claiming his Second Amended Complaint is adequately pled, requesting in the alternative that the Court grant him leave to make further amendments. Pl.'s Mem. 9–14.

### A.  Motion To Dismiss Legal Standards

When deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Pleadings must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To sustain a claim against a motion to dismiss, a pleading must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible when its factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a motion to dismiss an allegation of employment discrimination, a plaintiff "need not plead a *prima facie* case, [but] . . . the elements of the *prima facie* case provide an outline of what is necessary to render a plaintiff's . . . claims for relief plausible." *Henry v. NYC Health & Hosp. Corp.*, ___ F.Supp.2d ___, ___, 2014 WL 957074, at *3 (S.D.N.Y. Mar. 10,

3

2014) (No. 13 Civ. 6909 (PAE)) (citations and quotation marks omitted). The Court therefore "consider[s] these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of Plaintiffs claim and the grounds on which it rests." *Id.* (citation and quotation marks omitted). "[A] motion to dismiss does not involve consideration of whether 'a plaintiff will ultimately prevail' on the merits, but instead solely 'whether the claimant is entitled to offer evidence' in support of his claims." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir. 2010) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)).

### B. Plaintiff's Claims

The Second Amended Complaint alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. Plaintiff alleges that DOCCS violated Title VII when it allowed his supervisor to subject him "to sexual harassment because of his sex . . . and separately, by failing to take timely and appropriate actions once it became aware of said sexual harassment and mistreatment." 2AC ¶ 32. Plaintiff alleges that he suffered disparate treatment, as "Defendant did not so mistreat similarly situated women," and retaliation, as he "was subjected to retaliatory animus when he did complain and oppose such sexually harassing behavior." *Id.* Based on these, Plaintiff claims he was constructively discharged and required continuous mental health treatment to the present for an adjustment disorder, anxiety disorder, and depression. *Id.*

Title VII prohibits an employer from discriminating against any individual with respect to tangible job benefits—compensation, terms, conditions, or privileges of employment—because of sex. 42 U.S.C. § 2000e–2. Sex discrimination can occur either through disparate treatment (also known as "quid pro quo" discrimination) or through a hostile work environment. *See Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). Title VII also prohibits employers from retaliating against persons who engage in protected activities such as complaining of sexual harassment. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 79 (2d Cir. 2001).

### 1. Hostile Work Environment Sex Discrimination

Defendant first moves to dismiss for failure to state a hostile work environment sexual harassment claim, claiming Plaintiff's factual allegations do not show objectively severe or pervasive conduct, and reveal that Plaintiff did not subjectively perceive his work environment as abusive. Def.'s Mem. 6–9. Plaintiff responds that his supervisor's comments were "unwelcomed and sexually suggestive," "pervasive, . . . not occasional or episodic," and "so regular and so pervasive that their frequent repetition crossed the threshold of friendliness or professional banter." Pl.'s Mem. 4.

To show that a hostile work environment amounted to sex discrimination in violation of Title VII, Plaintiff must demonstrate that (1) the discriminatory conduct was objectively severe or pervasive, such that a reasonable person would perceive the environment as hostile or abusive; (2) he subjectively perceived the environment as hostile or abusive; and (3) the hostile or abusive environment was created due to his sex. *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007). Examples of actionable conduct can "include [u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." *Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) (citation and quotation marks omitted). The Court's assessment of whether the environment was hostile or abusive involves all relevant circumstances, which can include the frequency and severity of the discriminatory conduct; whether it was physically threatening or humiliating, rather than merely offensive; and whether the conduct unreasonably interfered with a plaintiff's work performance. *See Suares v. Cityscape Tours, Inc.*, No. 11 Civ. 5650 (AJN), 2014 WL 969661, at *8 (S.D.N.Y. Mar. 12, 2014).

To survive the motion to dismiss, Plaintiff need only show facts supporting the conclusion that he faced "'harassment . . . of such quality or quantity that a reasonable employee would find the conditions of . . . employment altered for the worse,'" and "courts 'have repeatedly cautioned against setting the bar too high.'" *Reynoso v. All Foods, Inc.*, 908 F. Supp. 2d 330, 339 (E.D.N.Y. 2012) (quoting *Patane*, 508 F.3d at 113).

Taken as true and viewed in the light most favorable to Plaintiff, the 2AC alleges that Plaintiff's supervisor made almost-daily comments for over three years, remarking upon his physical appearance, gender, and sexual attractiveness while smiling seductively, and implying sexual intent. *See* 2AC ¶¶ 7–11. Defendant's argument that this conduct is not sexual harassment because the comments can be construed as praise, compliments, and mere factual statements, Def.'s Mem. 9, is without merit, because the issue is not the employer's intent. "[C]onduct that poisons the workplace is actionable 'so long as the environment would reasonably be perceived, and is perceived, as hostile or abusive,' whether or not the abuser specifically intends that it should be so." *Newton v. Dep't of Air Force*, 85 F.3d 595, 599 (Fed. Cir. 1996) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)); *see Torres v. Pisano*, 116 F.3d 625, 632 n. 6 (2d Cir. 1997) (citing *Newton*, 85 F.3d at 599); *see also Ellison v. Brady*, 924 F.2d 872, 880 (9th Cir. 1991) ("Well-intentioned compliments by co-workers or supervisors can form the basis of a sexual harassment cause of action if a reasonable victim of the same sex as the plaintiff would consider the comments sufficiently severe or pervasive to alter a condition of employment and create an abusive working environment.")). It is plausible that the alleged comments would cause a reasonable person to find the conditions of his employment "altered for the worse by gender-based hostility." *Reynoso*, 908 F. Supp. 2d at 340.

Defendant also suggests that Plaintiff conceded that he did not subjectively perceive the comments as hostile or abusive. Def.'s Mem. 10 (citing 2AC ¶ 20). To the contrary, Plaintiff merely alleged that he "did not *immediately* complain" but instead "never responded to the comments, and rarely acknowledged them, hoping that they would cease." 2AC ¶ 20. The 2AC plausibly alleges that Plaintiff believed "that such comments had crossed the line," *id.*, and thus perceived the alleged conduct as hostile or abusive, satisfying the subjective element of the hostile work environment claim. *See Patane*, 508 F.3d at 113.

Similarly, Plaintiff has made sufficient factual allegations with regard to the requirement that the hostile environment was created "because of sex." *Id.* at 112. Granting reasonable inferences about intent and motivation in plaintiff's favor, it is plausible that Johnson's

6

comments were made because of Plaintiff's sex. *See Redd*, 678 F.3d at 181. If a supervisor engages in gender-specific harassment, such as expressing an implied sexual desire based on an employee's "V-shape" back, 2AC ¶ 11, it is plausible that "a jury [can] . . . infer that that stated desire was because of the employee's sex," and the Court cannot "properly rule as a matter of law that that gender-specific harassment was not because of the employee's sex." *Id.* Plaintiff's allegations of a nearly-daily barrage of sexually suggestive commentary, including comments about his gender-specific body parts, are therefore sufficient to "nudge[] [his] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Whether Plaintiff will prevail in his hostile work environment claim is a matter to be determined at subsequent stages of the litigation. The Court finds that Plaintiff has made a plausible claim of hostile work environment, and denies the motion to dismiss with respect to this claim.

### 2. Quid Pro Quo Sex Discrimination

Defendant next moves to dismiss any disparate treatment discrimination claim alleged by Plaintiff. Def.'s Mem. 11. For a disparate treatment, or *quid pro quo*, claim, Plaintiff must show that he suffered an adverse employment action "either because of gender or because a sexual advance was made by a supervisor and rejected." *Garrigan v. Ruby Tuesday, Inc.*, No. 13 Civ. 1196 (GBD), 2013 WL 3946223, at *2 (S.D.N.Y. July 30, 2013) (quoting *Kotcher v. Rosa & Sullivan Appliance Center, Inc.*, 957 F.2d 59, 62 (2d Cir. 1992)) (internal quotation marks omitted). To qualify as an adverse employment action, a change in the terms and conditions of employment must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006)) (internal quotation marks omitted). Examples of the types of changes that qualify as materially adverse include termination, demotion with reduction in pay or title, a significant loss of benefits, and a significant reduction in job responsibilities. *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006).

Plaintiff contends that his supervisor materially changed the terms and conditions of his job after he rejected her sexual advances. Pl.'s Mem. 10. Plaintiff's first set of allegations is that

7

Johnson denied several of his vacation and leave requests, and forced him to seek intervention from other supervisors to take time off when he preferred. 2AC ¶¶ 13–16. These allegations fail to make out any actionable adverse employment action, because "[t]he particular timing of a vacation is not so disruptive that it crosses the line from 'mere inconvenience' to 'materially adverse' employment action." *Figueroa v. New York Health & Hospitals Corp.*, 500 F. Supp. 2d 224, 230 (S.D.N.Y. 2007) (quoting *Boyd v. Presbyterian Hospital*, 160 F. Supp. 2d 522, 537 (S.D.N.Y. 2001)). Assuming the allegations are true, Plaintiff was inconvenienced, but did not suffer a material change in the terms and conditions of his employment. The Court therefore grants in part the motion to dismiss, and dismisses those aspects of the quid pro quo claim relating to the vacation and leave requests.

      Plaintiff's next allegation is that Johnson kept him in the dark when Defendant's Staff Development Office specifically requested his attendance at a training held on February 1, 2012 for adjunct instructor candidates. 2AC ¶¶ 17–18. Plaintiff argues that Johnson's failure to inform him of his selection to be trained as an instructor deprived him of an opportunity for career advancement. *Id.* "[T]he denial of professional training opportunities may constitute an adverse employment action, but only where an employee can show material harm from the denial, such as a failure to promote or a loss of career advancement opportunities." *Trachtenberg v. Dep't of Educ. of City of New York*, 937 F. Supp. 2d 460, 468 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 352 (S.D.N.Y. 2006). It is plausible that the alleged conduct occurred because Plaintiff rejected his supervisor's sexual advances, and reasonable to infer this denial deprived him of the material benefits of an opportunity to advance his career by becoming an adjunct instructor, a "stepping-stone towards becoming a full-time instructor." 2AC ¶ 18. Because Plaintiff's allegations of denial of a training opportunity are sufficient at this stage to state a plausible claim, the Court denies the motion to dismiss in part. Plaintiff may proceed with the claim that denial of a training opportunity constituted *quid pro quo* sex discrimination.

### 3. Retaliation

Defendant moves to dismiss any retaliation claim advanced, arguing that Plaintiff's allegations of retaliation are conclusory and unsupported. Def.'s Mem. 11 n. 2. Plaintiff responds that he stated a valid retaliation claim by alleging that Johnson responded to his sexual harassment charge by engineering his social isolation, thereby causing his adjustment disorder, anxiety, and depression diagnoses. Pl.'s Mem. 12. Defendant replies that Plaintiff fails to allege a materially-adverse employment action causally connected to his protected activity. Def.'s Reply 6.

To make out an initial *prima facie* case of Title VII retaliation, a Plaintiff must show that (1) he engaged in protected activity by opposing a practice made unlawful by Title VII; (2) his employer was aware of that protected activity; (3) he suffered materially adverse employment action; and (4) the protected activity and adverse action were causally connected. *Suares*, 2014 WL 969661, at *10 (citing *Holtz*, 258 F.3d at 79). In this context, a materially adverse action is one which "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Plaintiff engaged in protected activity, of which his employer was aware, by making formal internal complaints about Johnson's sexual harassment in June and July 2011. 2AC ¶ 25. In seeking to establish the third prong, a materially-adverse employment action, Plaintiff alleges upon information and belief that Johnson responded to his complaints by telling his "coworkers that they should avoid him, and not speak to him when unnecessary," and that this action caused him to be "isolated, enjoy[ing] no collegiality," which decreased his productivity and caused him to suffer diagnoses of adjustment disorder, anxiety, and depression, and forced him to take a sudden leave of absence and leave DOCCS for a lower-paying position. 2AC ¶¶ 25–26.

Although Plaintiff has alleged retaliatory conduct that subjectively caused him harm, the relevant inquiry is objective, asking whether the alleged retaliation "well might have dissuaded a reasonable worker from making . . . a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co.*, 548 U.S. at 68. At the motion to dismiss stage, Plaintiff must provide "sufficient

factual matter" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, Plaintiff's allegations that Johnson cause him to be "isolated, enjoy[ing] no collegiality as others did," 2AC ¶¶ 25–26, are insufficient, because such shunning is not "more disruptive than a mere inconvenience" so as to establish that he suffered a materially adverse action. *Quarless v. Bronx-Lebanon Hospital Center*, 228 F. Supp. 2d 377, 386 (S.D.N.Y. 2002). Having failed to show specific retaliatory conduct that is objectively "likely to dissuade employees from complaining or assisting in complaints about discrimination," *Burlington Northern & Santa Fe Ry. Co.*, 548 U.S. at 70, Plaintiff has failed to state a plausible Title VII retaliation claim. The Court therefore grants the motion to dismiss Plaintiff's retaliation claim.

    **4.**  **Constructive Discharge**

  Finally, Defendant moves to dismiss any claim for constructive discharge, arguing Plaintiff fails to allege facts making plausible a claim that his "employer . . . deliberately ma[de his] . . . working conditions so intolerable that [he was] . . . forced into an involuntary resignation." *Trachtenberg v. Dep't of Educ. of City of New York*, 937 F. Supp. 2d 460, 468 (S.D.N.Y. 2013). Plaintiff's complaint alleges constructive discharge. 2AC ¶¶ 1, 32. In opposing the motion to dismiss, however, Plaintiff declined to respond to Defendant's argument that the 2AC does not state a constructive discharge claim. Under the circumstances, the Court exercises its discretion to deem this claim abandoned, *see Lipton v. County of Orange, NY*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004), and grants the motion to dismiss Plaintiff's constructive discharge claim.

**III.**  **Conclusion**

  For the foregoing reasons, Defendant's motion is denied in part and granted in part. The motion is granted with respect to Plaintiff's retaliation claim, his constructive discharge claim, and his claim that interference with vacation and leave requests constituted *quid pro quo* discrimination. These claims are dismissed with prejudice. The motion is denied with respect to

Plaintiff's hostile work environment claim, and his *quid pro quo* discrimination claim alleging denial of a training opportunity. The case may proceed to discovery on these claims.

Counsel for all parties must appear for an initial pretrial conference with the Court on **June 20, 2014** at **10:00 AM** in **Courtroom 906** of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at **40 Foley Square**, New York, New York. Counsel shall comply with the requirements of the Court's March 15, 2013, Notice of Initial Pretrial Conference, including the requirement to jointly file a Proposed Civil Case Management Plan and Scheduling Order and a joint letter, with the exception that the submissions shall be filed on ECF by June 13, 2014. *See* Dkt. No. 3.

SO ORDERED.

Dated: June 4, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge